IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WILLIE ARTHUR HOLMES, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officer GIBSON and Warden WILLIAM DANFORT, | : | NO. 7:09-cv-84 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **WILLIE ARTHUR HOLMES**, an inmate at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward them to the Clerk of this Court until the filing fee is paid in full.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the

Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A claim is factually frivolous when the facts alleged are "fanciful," "fantastic," and "delusional." ***Denton v. Hernandez***, 504 U.S. 25, 32-33 (1992).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## *II. DISCUSSION*

Plaintiff alleges that on March 2, 2009, he was placed in segregation. On that date, plaintiff's property was taken from him, inventoried, and then was supposed to be moved to the property room. According to plaintiff, property room Officer Gibson and Warden William Danfort failed to return plaintiff's belongings, including a fan, cd player, and headphones. Plaintiff believes his belongings have been either misplaced or stolen. He files this action seeking reimbursement for his personal items.

Even assuming the facts as alleged by plaintiff are true, neither negligent nor intentional deprivations of property by a state employee constitute due process violations if a meaningful post-

deprivation remedy is available. ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984); ***Daniels v. Williams***, 474 U.S. 327, 328 (1986). Georgia tort law offers a remedy for prison officials' unlawful deprivation of an inmate's property. See O.C.G.A. § 51-10-1; ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Such a cause of action still remains available to plaintiff.[1] Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights.

### III. CONCLUSION

Based on the foregoing, the instant action is hereby **DISMISSED** as frivolous pursuant section 1915(e)(2).

**SO ORDERED**, this 14th day of July, 2009.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

[1] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."